## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ———————————————— | ) | |
| AMOS JAYEOLA SAMUEL, et al | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | No. 1:21-cv-00430-MSM |
|  | ) | |
| U.S. DEPT. OF HOMELAND | ) | |
| SECURITY, et al | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

### ORDER

Mary S. McElroy, United States District Judge.

This is a petition for writ of habeas corpus brought by seven immigration detainees, invoking this Court's jurisdiction under 28 U.S.C. § 2441, seeking bond hearings on the ground that their detention has been unreasonably prolonged pursuant to 8 U.S.C. § 1226(c). By separate Order, the Court has directed six of the petitioners to Show Cause why their petitions should not be dismissed as moot. In this Order, the Court addresses the government's Motion to Dismiss (ECF No. 7) the petition of the seventh: Amos Jayeola Samuel who remains in custody and seeks a bond release hearing.

Mr. Samuel remains in custody pending his appeal of a removal order. The background is undisputed by the parties. Mr. Samuel was initially admitted pursuant to an I-30 Petition filed by his wife. At some point, he obtained Permanent

1

Resident status.[1] (ECF 13-2, p. 3 of 23.)  The parties agree that he was subsequently convicted of a crime of moral turpitude.  After conviction, but before serving his sentence, he fled to Canada.  He was later apprehended and served 20 months of a 36-month sentence.  Thereafter, he was charged with inadmissibility by virtue of the criminal conviction, and immigration proceedings commenced against him with the government seeking removal.   He was found to be inadmissible under INA 212(a)(2)(A)(i)(1).  Mr. Samuel appealed that decision and according to a status report filed by the government on August 5, 2022, his appeal is pending in the Third Circuit Court of Appeals which has issued a temporary stay of removal proceedings.  (ECF No. 17.)  An examination of that docket reveals that Mr. Samuels filed his Brief  on August 12, 2022.

Release pending removal proceedings is governed by 8 U.S.C. § 1226.  Under that statute, the government shall take into custody "(1) . . . any alien who ... (B) is deportable by reason of having committed [certain enumerated offenses."  Under certain circumstances, the Attorney General may authorize release.  8 U.S.C. § 1226(c)(2).

In his petition Mr. Samuel invoked *Reid v. Donelan,* No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018), which purportedly granted to all its class members the right to an individualized bond hearing after being held for more than

---

[1] There is a question about whether Mr. Samuel was properly conferred Lawful Permanent Resident (LPR) status.  A decision by an Immigration Judge determined that even if it were erroneously conferred, Mr. Samuel remained its beneficiary.  (ECF No. 14-1, at 5.)  To the extent that status and that determination remains relevant, it will presumably be addressed in Mr. Samuel's pending immigration appeal.

six months without one. *Reid v. Donelan,* 390 F. Supp. 3d 201 (D. Mass. 2019). *Reid* certified as a class only detainees held "within the Commonwealth of Massachusetts or the State of New Hampshire." Mr. Samuel's reliance on *Reid* to entitle him to a bond hearing is misplaced. First, it is not clear that he would have been a member of the *Reid* class or that the *Reid* injunction would have applied to him, as he is not held "within" either Massachusetts or New Hampshire.[2] More to the point, however, the First Circuit vacated the more-than-six-months entitlement ordered by the district court in *Reid* and the District Court decision therefore provides no recourse to Mr. Samuel.[3] Instead, while the Circuit declared that the Due Process Clause imposes *some* "reasonableness" constraint on the length of detention, it eschewed the bright-line that Mr. Samuel seeks to take advantage of. *Reid v. Donelan,* 17 F.4th 1, 7 (1st Cir. 2021) ("we adhere to the notion that "the Due Process Clause imposes some

---

[2] If the *Reid* order for class relief were still viable, the question would be posed whether the government could deprive a person in Mr. Samuel's situation of a right to relief by unilaterally removing him from a geographic location when the alleged injury to him is not location-specific. As the class-wide relief ordered in *Reid* was vacated, however, *Reid v. Donelan,* 17 F.4th 1 (1st Cir. 2021), that question is not presented.

[3] This Court, early in the COVID-19 pandemic, also addressed the availability of individualized bond hearings for immigration detainees held at the Wyatt Detention Center. The Court granted provisional class certification and offered bond hearings to all Wyatt immigration detainees in light of what it found to be a high risk to the physical safety of those held in that institution at that time because of the COVID-19 virus. *Yanes v. Martin,* 464 F. Supp. 3rd 467 (D.R.I. 2020). Mr. Samuel makes a passing reference to the danger of COVID-19. Were that the basis for his request for a bond hearing, he is required to pursue that relief under the class umbrella of *Yanes* which is currently pending.

form of 'reasonableness' limitation upon the duration of detention ... under section 1226(c) . . .").

There is, in any event, a dispute about whether Mr. Samuel is held pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c) or, as the government contends, 8 U.S.C. § 1225(b)(2). Immigration detainees held under § 1226(a) are constitutionally entitled, as a matter of due process, to bond release hearings at which the government must prove dangerousness or flight risk. *Hernandez-Lara v. Lyons,* 10 F.4th 19, 40 (1st Cir. 2021). Where a detainee is held under § 1226(c), however, the entitlement to a bond release hearing is contingent on a finding that the immigration proceedings have been unreasonably prolonged. *Reid v. Donelan,* 17 F.4th at 7. While the Supreme Court has rejected the idea that a person held under 8 U.S.C. § 1225(b)(2) must be afforded a bond release hearing at periodic intervals, *Jennings v. Rodriguez,* ___ U.S. ___, 138 S.Ct. 830, 846 (2018), the government agrees that Mr. Samuel could be released on bond although it has declined to do that. (ECF No. 7, at 6.)

The government asserts that Mr. Samuel himself and/or his attorney were responsible for many delays, continuing the initial proceedings, asking for extensions during the appeal, and the like. Mr. Samuel blames the government for the delay. Whoever is at fault, the fact remains that Mr. Samuel's appeal to the Third Circuit is near its final stages of litigation. The challenges that he raises in his petition to the removal proceedings appear to be issues in that appeal. A temporary stay against removal is in effect.

The Court in its discretion determines that it would be injudicious to take action with respect to Mr. Samuel's release at this time.  If he continues to be detained for an appreciable period without a decision on his appeal, he may re-file a petition for relief.  With respect to Mr. Samuel, the Petition for Writ of Habeas Corpus (ECF No. 1) is, therefore, DISMISSED without prejudice.

IT IS SO ORDERED:

Mary S. McElroy,
United States District Judge

August 22, 2022